**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RESTORE MEDIA, LLC,                          :

       Plaintiff,                              :

                         :

v.                                           :        Case No. _____

                         :

ROLAND A. LABINE,                            :
JOHN M. CORBETT,                             :
     and                                    :
MEETINGHOUSE ENTERPRISES, INC.,             :

       Defendants.                             :

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Restore Media, LLC ("Restore Media"), by its attorneys, moves this Court to enjoin Defendant Roland Labine ("Labine") from violating his non-competition agreement with Restore Media by establishing a new business venture that is directly competitive with Restore Media. Further support for this Motion is detailed in the Memorandum of Points and Authorities filed herewith.

                                 Respectfully submitted,

                                 M. Carter DeLorme (Bar No. 452791)
                                 Gina Del Negro (Bar No. 468920)
                                 WINSTON & STRAWN LLP
                                 1700 K Street, N.W.
                                 Washington, DC  20006
                                 Tel: (202) 282-5000
                                 Fax: (202) 282-5100

                                 Attorneys for Plaintiff Restore Media, LLC

## CERTIFICATE OF SERVICE

I certify that the foregoing **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was served this 23rd day of March, 2007, upon the following via certified mail:

Roland A. Labine
199 Berkeley Place
Brooklyn, NY 11217

John M. Corbett, Jr.
235 State Street
Northampton, MA 01060

Meetinghouse Enterprises, Inc.
Registered Agent- John M. Corbett, Jr.
One Ferry Street
Easthampton, MA 01027

Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RESTORE MEDIA, LLC,             :

       **Plaintiff,**           :

v.                          :    **Case No.** _____

                            :

ROLAND A. LABINE,        :

JOHN M. CORBETT,         :

    **and**                     :

MEETINGHOUSE ENTERPRISES, INC.,  :

                            :

       **Defendants.**         :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Restore Media, LLC ("Restore Media") moves for an order enjoining Defendant Roland Labine ("Labine") from violating his valid non-competition agreement with Restore Media by engaging in a new business venture that is directly competitive with Restore Media. In support thereof, Restore Media states as follows:

## I.    <u>Introduction</u>

This is an action to enforce a restrictive covenant in an Employment Agreement between Restore Media and its former employee, Labine. In a blatant and open breach of his Employment Agreement with Restore Media, Labine, along with John Corbett ("Corbett") and Meetinghouse Enterprises, Inc. ("Meetinghouse"), also known as Meetinghouse Research Group, Inc., has begun efforts to provide competing services through a company called Restoration Trades Exchange ("RTE"), to compete directly with Restore Media in the business of providing a web-based resource for restoration and renovation services and companies. Unless enjoined by the Court, Labine will continue to violate Restore Media's contractual and common law rights and cause irreparable injury to Restore Media's business.

## II.    Facts

Restore Media provides information to people who restore and renovate old homes and non-residential buildings or who create new buildings in a traditional style, regarding the entire restoration and renovation market through its publications, trade shows, conferences, and Internet initiatives.    As part of its services, Restore Media maintains an on-line catalog of vendors and experts in the restoration and renovation market called TradWebDirectory.com.    A significant part of its revenue is generated from advertising in its on-line catalogue by these vendors and experts.    Restore Media's customers, advertisers, and vendors are located throughout the United States. *See* Verified Complaint for Injunctive and Other Relief ("Verified Complaint"), ¶¶ 10-12.

On March 1, 2002, Restore Media purchased from Historical Trends Corporation, which was and is owned and controlled by Labine, two publications called *Clem Labine's Traditional Building* and *Clem Labine's Period Homes* ("Publications"), and two websites traditional-building.com and period-homes.com, for $1,355,000.    As a condition of that sale, Labine was required to sign an Employment Agreement.    Restore Media hired Labine as the Publisher and Editor, Marketing and Circulation Director, and Database Manager and Systems Guy for the Publications.    The March 1, 2002, Employment Agreement provided that, for a period of three years Labine would not:

- "engage in, or in any manner be connected or concerned with, directly or indirectly, as principal, agent, employee, officer, consultant, advisor or owner of any business operation engaged in the historic restoration market, including, without limitation any and all publications, other media and trade shows in such market";

- "directly or indirectly solicit any customer, subscriber, advertiser or vendor of the Company or the Publications to cease or reduce its business with the Company or the Publications"; or

- "divert from the Company any business opportunity relating to publications, media or trade shows in the historic restoration market."

Labine also agreed that, after termination of the Employment Agreement, he would "not make any use, for his own benefit or for the benefit of any person, firm, business, or entity (other than the Company) of any 'Confidential Information' or knowledge, customer or supplier lists, or any other data of or pertaining to the Company or the Publications . . . ." All tolled, Labine received approximately $1.6 million in salary and purchase proceeds in exchange for his publications, services, and restrictive covenants. *See* Verified Complaint, ¶¶ 13-17.

On December 31, 2003, Restore Media purchased the assets of Preservation Publications, LLC, for $276,565. The assets included three regional print directories of the Preservation Sourcebook and a companion website, presevationweb.com, which Restore Media has transitioned into its own directory, TradWebDirectory.com. During his employment with Restore Media and particularly in the last few months of his employment, Labine focused his efforts on developing and establishing the TradWebDirectory.com website. Labine resigned from Restore Media on July 31, 2006. Upon his departure, Labine kept Restore Media's confidential and proprietary databases containing customer and company information on his personal computer. *See* Verified Complaint, ¶¶ 18-20.

From January 1, 2006, until November 2006, Corbett was a consultant to Restore Media. During that time, Corbett worked primarily with Labine on developing and establishing TradWebDirectory.com. Corbett owns and controls Meetinghouse, which operates as Meetinghouse Research Group, Inc., through its website. Corbett and Labine were privy to all of Restore Media's confidential and proprietary plans for launching TradWebDirectory.com, including, but not limited to its market strategy, pricing, and philosophy, and Restore Media's database of customers and providers. *See* Verified Complaint, ¶¶ 21-22.

3

On January 5, 2007, Labine sent an letter to Restore Media's clients regarding "Clem's Personal Business News for 2007," announcing the termination of his employment with Restore Media and his plans for an exciting, innovative business plans for the market. On January 11, 2007, Labine sent a proposal to Corbett for establishing and developing an on-line catalog of restoration and renovation vendors under the company Restoration Trades Exchange ("RTE"). Labine provided an initial investment of $3,500 for Corbett and Meetinghouse to implement, with the services of an individual named David Caputo, an online version of the RTE catalog during the first quarter of 2007. Labine also proposed to participate in future development of an upgraded version of the RTE catalog. Recognizing the fact that this new venture would directly compete with Restore Media's TradWebDirectory.com and evidencing Labine's intent to harm Restore Media, Labine stated that the RTE catalog "will be of immediate benefit in our ongoing collective efforts to stick a large thumb in MJT's [Michael J. Tucker, Chairman and Chief Executive Officer of Restore Media] eye!" Labine ends the letter by stating that Labine and Corbett's motto for 2007 is "LET'S GIVE PARANOIDS SOMETHING TO BE PARANOID ABOUT!" *See* Verified Complaint, ¶¶ 23-26.

Caputo has registered, on behalf of Labine, Corbett, and Meetinghouse, the websites restorationtradesexchange.com and restoration-trades-exchange.com. According to Labine's January 11, 2007, letter, Labine is planning to use his industry experience to compete directly with Restore Media by marketing his new competitive business venture to Restore Media's customers, advertisers, and vendors. *See* Verified Complaint, ¶¶ 27-28.

On March 12, 2007, counsel for Restore Media sent a letter to Labine, with a copy to Corbett's counsel, attempting to resolve the dispute. As of the date of the filing of this Motion, Restore Media has received no response whatsoever to this letter. *See* Verified Complaint, ¶ 29.

### III.    Argument

Well-settled principles govern the Court's determination as to whether preliminary

injunctive relief should issue in this case.    To obtain an injunction under District of Columbia

law, a plaintiff must show:

1. That there is a substantial likelihood it will prevail on the merits;

2. That it will suffer irreparable harm during the pendency of the action absent the granting of injunctive relief;

3. That more harm will result to the plaintiff from the denial of the injunction then will result to the defendant from its grant; and

4. That the issuance of an injunction is in the public interest (or at least is not adverse to the public interest).

*Ellis v. James V. Hurson Assocs.*, 565 A.2d 615, 618, n. 11 (D.C. 1989); *see also Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Wertz*, 298 F. Supp. 2d 27, 30-31 (D.D.C. 2002).

### A.    Plaintiff Will Likely Succeed on the Merits of the Action.

Restore Media's request for injunctive relief is predicated on Labine's breach of non-

competition and non-solicitation provisions, as alleged in Count I of the Complaint.    A breach of

contract claim requires the "existence of a valid and enforceable contract between the plaintiff

and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages

resulting to plaintiff from the breach." *See Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 282

(D.D.C. 2005).    Restore Media will very likely succeed on the merits of this case, because

Labine's own correspondence evidences his breach of the Employment Agreement.    The

Employment Agreement to which Labine agreed to be bound is reasonable and enforceable

because it is narrowly tailored to protect three legitimate business interests of Restore Media:    (1)

the assets that it acquired through the purchase of Labine's business; (2) the maintenance of its

relationships with current customers; and (3) its confidential business plans for

TradWebDirectory.com.

### 1.    Labine's Non-Competition and Non-Solicitation Provisions Are Enforceable.

Post-employment restrictive covenants are valid and enforceable under District of

Columbia law if they meet the following standard:

1.    the time and geographical scope of the restriction is reasonable;

2.    the restriction is necessary to protect the employer's interest; and

3.    the restriction is intended and agreed upon by the parties.

See *Nat'l Chemsearch Corp. of N.Y. v. Hanker*, 309 F. Supp. 1278, 1280 (D.D.C. 1970);

*see also Deutsch v. Barsky*, 795 A.2d 669, 674 (D.C. 2002) (restraint must be reasonable

and not greater than necessary to protect the business interest and not violate public

policy). The restrictions contained in Labine's Employment Agreement, which was a

condition of the sales agreement between Labine and Restore Media, clearly satisfy the

above criteria.

In interpreting the enforceability of ancillary restraints on competition, such as restrictive

covenants, the District of Columbia Court of Appeals has adopted the Restatement (Second) of

Contracts. *See Ellis*, 565 A.2d at 618-19. In the context of restrictive covenants entered into in

connection with the sale of a business, the Restatement recognizes that non-competition

agreements and other covenants are often necessary and reasonable in order to protect the

purchaser's legitimate interests:

> A promise to refrain from competition made in connection with a sale of a
> business may be reasonable in the light of the buyer's need to protect the value of
> the good will that he has acquired. In effect, the seller promises not to act so as to
> diminish the value of what he has sold. An analogous situation arises when the
> value of a corporation's business depends largely on the good will of one or more

of the officers or shareholders. In that situation, officers or shareholders, either on the sale of their shares or on the sale of the corporation's business, may make an enforceable promise not to compete with the corporation or with the purchaser of its business, just as the corporation itself could on sale of its business make an enforceable promise to refrain from competition.

Restatement of Contracts (Second) § 188 (comment f).

The scenario offered in the Restatement is directly analogous to the case at bar. Labine sold the rights to two of his magazines to Restore Media, and as a condition precedent to closing that transaction, Labine was required to sign an Employment Agreement, which included a promise that he would not compete or solicit Restore Media's clients in the historic restoration market for a period of three years. *See* Verified Complaint, ¶ 14; Asset and Liabilities Purchase Agreement at ¶ 4.2.2 (Ex. A to Verified Complaint); Employment Agreement at ¶ 8(a) (Ex. B to Verified Complaint). As the purchaser of assets from Labine, Restore Media is entitled to Labine's promises not to compete or solicit for a reasonable period of time in a reasonable geographic area.

a.    A Three-Year Time Period is Enforceable.

The Employment Agreement's three-year time period is reasonable under District of Columbia Law, which has recognized that a ten-year non-compete provision is enforceable. *See Burton, Parsons & Co. v. Parsons*, 146 F. Supp. 114, 116 (D.D.C. 1956) (ten-year, nationwide covenant held reasonable). Similarly, the Employment Agreement's three-year prohibition on solicitation of Restore Media's customers is enforceable; the District of Columbia Court of Appeals has specifically found that a three-year post employment non-solicitation restriction, like the one here, to be reasonable and enforceable. *See Ellis*, 565 A.2d at 620-21 (three-year provision that prohibited solicitation of former employer's current customers held reasonable);

*see also Johnson v. MPR Assoc., Inc.*, 894 F. Supp. 255, 258 (E.D. Va. 1994) (applying DC law, three-year customer limitation reasonable).

b.      <u>The Geographic Scope is Reasonable</u>.

Although Labine's non-compete provision does not explicitly define a geographic restriction, the proper interpretation of the geographic scope is as a nationwide bar due to the fact that Restore Media's business is nationwide. *See Burton*, 146 F. Supp. at 116. In *Burton*, the ten-year restrictive covenant, also signed in connection with a sale of business, barred the employee from engaging in any similar business as his employer, with no geographic limit. The Court held that the reasonable interpretation of the contract was that it applied nationwide (rather than the entire world), based on the fact that the employer conducted business throughout the United States; with that interpretation the agreement was reasonable as to its geographic scope. *See id.* Restore Media's TradWebDirectory.com business is conducted over the Internet, and its publications are distributed to clients and subscribers nationwide. *See* Verified Complaint at ¶ 11. Therefore, a restriction on competition by Labine nationwide is reasonable to protect Restore Media's interest.

Labine's non-solicitation obligation does not require a geographic limitation because it is intrinsically limited only to the customers of Restore Media and the magazines that Restore Media acquired. In the absence of a geographic restriction, a customer limitation in a non-solicitation provision has repeatedly been found to be legally enforceable. *See, e.g., Johnson*, 894 F. Supp. at 258 (customer-based restriction reasonable); *Ellis*, 565 A.2d at 620 (even in absence of geographic limitation, "prohibitions against the solicitations of customers known to the employee by virtue of his former employment are enforceable as reasonable restrictions

protecting legitimate business interests of the employer"). The customer non-solicit provision is reasonable to protect Restore Media's interests in its clients relationships.

> c.    Restrictive Covenants Are Necessary to Protect Restore Media's Interests.

Restore Media has a legitimate interest in preventing Labine from competing in the historic restoration market, thereby diminishing the good will Restore Media purchased from Labine in connection with his magazines. *See Saul v. Thalis*, 156 F. Supp. 408, 413 (D.D.C. 1957) (with sale of business, restraint on competition reasonable to extent it protects good will). Moreover, the non-compete and non-solicitation provisions are clearly necessary to protect Restore Media's interests in its customer relationships. *See Ellis*, 565 A.2d at 618-19 (employer has protectable interest in its relationships with current customers) (citing Restatement of Contracts (Second) § 188). Due to Labine's ability to compete and target Restore Media's customers from any geographic location via the Internet, the post-employment restraints Labine agreed to in connection with the sale of his business are no more extensive than necessary for Restore Media's protection, and are therefore enforceable.

> d.    Labine Clearly Agreed to Non-Compete Provisions.

There can be no dispute that Labine, a sophisticated businessman, agreed to be bound by the restrictions at issue. *See, e.g., Western Insulation, L.P. v. Moore*, No. 305CV602, 2006 WL 208590, *5 (E.D. Va. Jan. 25, 2006) (recognizing greater bargaining power of a sophisticated business party in negotiating restrictive covenant, especially in the context of a sale of business). Moreover, Restore Media handsomely compensated Labine for the rights to his magazines and paid Labine a salary for four-and-a-half years, in return for his promise that Labine would not solicit any customer, subscriber or advertiser of Restore Media or of the magazines Labine sold.

3.      Plaintiff Will Prove that Labine Breached His Employment Agreement.

Restore Media can establish that Labine has blatantly breached his Employment

Agreement.  In conjunction with Corbett and Meetinghouse, Labine is developing a competing

website resource of restoration and renovation vendors for persons interested in the historic

restoration market.  This is in direct competition with Restore Media's TradWebDirectory.com

website which provides the same information to similar consumers.[1]

Moreover, according to the business plan for RTE's website, Labine will be soliciting or

has solicited Restore Media's advertisers and vendors for his competing website.  Indeed, Labine

has already announced to Restore Media's clients in a January 5, 2007, letter his intent to engage

in a new business interest in the market.  *See* Verified Complaint at ¶ 21.  Although this is not

direct evidence of solicitation, reasonable inferences from Labine's own documents establish that

he is in violation of his non-solicitation provision.  *See Wertz*, 298 F. Supp. 2d at 32 (evidence

suggesting former employee was preparing to solicit or likely had solicited clients in violation of

his non-solicitation agreement was good cause to find breach of agreement).

Finally, Labine has taken confidential information from Restore Media, despite his

agreement to return such information and not to use that information for his own purposes.  *See*

Employment Agreement at ¶ 8(b).  Labine's actions are in direct violation of his valid restrictive

covenants, which contemplate injunctive relief for violations of the confidentiality provision.  *Id.*

at ¶ 8(c).

---

[1]      In fact, as an employee of Restore Media, Labine developed Restore Media's on-line resource of
renovation and restoration vendors.  Moreover, Labine has retained copies of Restore Media's customer databases,
in violation of the confidentiality provision of his Employment Agreement.

## B.    **Plaintiff Will Suffer Irreparable Injury if Labine Is Not Enjoined.**

It is well-established under District of Columbia law that the loss of and/or permanent damage to relationships with customers constitutes irreparable injury sufficient to justify an injunction. *See Morgan Stanley DW, Inc. v. Rothe*, 150 F. Supp. 2d 67, 78 (D.D.C. 2001). Restore Media is threatened by Labine with the loss of its customers and the loss of the good will it purchased in conjunction with the purchase of Labine's publications. This is precisely the type of injury that District of Columbia law recognizes as irreparable, thereby requiring an enforcement of restrictive agreements like the one here. *See, e.g., Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 237 (D.D.C. 1996) (non-compete agreement enforceable based on employer's interest in its client base and confidential information); *Saul*, 156 F. Supp. at 413 (restrictive covenant enforceable to protect of good will from sale of business); *Meyer v. Wineburgh*, 110 F. Supp. 957, 959 (D.D.C. 1953) (non-solicitation agreement enforceable based on employer's investment in its client base); *Ellis*, 565 A.2d at 620 (non-solicitation agreement enforceable to protect employer's legitimate business interests).

Moreover, Labine's violation of his restrictive covenants will serve to kill off TradWebDirectory.com before it even gets completely off the ground. Restore Media purchased preservationweb.com from Preservation Publications, LLC in December 2003 for $276,565. As part of its overall portfolio, Restore Media wanted to redesign preservationweb.com, using its proprietary industry knowledge and market strategies, to make it a profitable piece of Restore Media's company profile. Once acquired, preservation.com was redesigned, principally by Labine, who was intimately familiar with Restore Media's business strategy for the product, into TradWebDirectory.com. To allow Labine to violate his contractual obligations and to defeat

TradWebDirectory.com in the market with information he developed while at Restore Media would do violence to the restrictive covenants he explicitly agreed to honor.

There is no question that Labine has violated his Employment Agreement with Restore Media by partnering with Corbett and Meetinghouse in the competitive venture Restoration Trades Exchange. Having paid Labine $1,355,000, plus an additional $243,000 in salary, in consideration for his agreement to be bound by restrictive covenants, Restore Media is threatened with the loss of its most important, albeit intangible assets—its client base. *See Morgan Stanley*, 150 F. Supp 2d at 77 (D.D.C. 2001). Moreover, TradWebDirectory.com may never reach its intended potential as a product if Labine is allowed to destroy it using the knowledge of the product he gained while designing it for Restore Media. The loss and threatened loss of such assets constitute irreparable injury under the law, and therefore injunctive relief is appropriate in this case.

C. **Labine Will Not Suffer Substantial Harm If an Injunction is Ordered.**

Labine will not suffer substantial harm if this Court enjoins him from doing what he agreed not to do in the first instance. Restore Media seeks only to have this Court enjoin Labine from competing illegally against Restore Media in violation of the clear terms of his Employment Agreement. Restore Media does not seek to prevent Labine from using his general experience in the historic restoration market to continue to conduct business through his company, Historical Trends Corporation, so long as he has no direct or indirect contact with Restore Media's customers and advertisers during the prescribed three-year period and so long as he does not establish a directly competitive venture, such as his planned on-line resource for information regarding restoration and renovation vendors. Fair competition will be preserved

through the issuance of an injunction holding Labine to his covenants and preserving Restore Media's customer relationships.

**D.     The Public Interest Will Be Served by the Issuance of an Injunction.**

The public interest is always served when parties to a contract are held to their lawful obligations. "A final factor tipping the public-interest scales to the plaintiff's side is the court's desire to see the terms of a reasonable contract enforced." *Morgan Stanley*, 150 F. Supp 2d at 79. This principle is especially true, as District of Columbia law has established, in cases where the lifeblood of an employer—its clients—is at stake. Conversely, "[t]he public has no interest in destroying contracts, rewarding theft, and encouraging unethical business behavior." *Id.*; *see also Wertz*, 298 F. Supp. 2d at 34-35 (public interest is served by enforcing valid contractual provisions parties voluntarily entered in to). The public interest can only be served in this case by enjoining Labine from pilfering Restore Media's customers through his recently established directly competitive venture.

WHEREFORE, Plaintiff Restore Media LLC requests that this Court award the following relief:

A.     Grant a preliminary injunction against Labine and his agents, servants, employees, attorneys, and those persons with whom he is in active concert or participation from engaging in, or in any manner be connected or concerned with, directly or indirectly, as principal, agent, employee, officer, consultant, advisor or owner of any business operation engaged in the historic restoration market, including, without limitation any and all publication, other media and trade shows in such market;

B.    Grant a preliminary injunction against Labine and his agents, servants, employees, attorneys, and those persons with whom he is in active concert or participation from soliciting any customer, subscriber, advertiser or vendor of the Company or the Publications to cease or reduce its business with the Company or the Publications;

C.    Grant a preliminary injunction against Labine from diverting from the Company any business opportunity relating to publications, media or trade shows in the historic restoration market;

D.    Grant a preliminary injunction against Labine from using, for his own benefit or for the benefit of any person, firm, business, or entity (other than the Company) of any "Confidential Information" or knowledge, customer or supplier lists, or any other data of or pertaining to the Company or the Publications;

E.    Grant a preliminary injunction against Labine requiring the return of Restore Media's "Confidential Information" or knowledge, customer or supplier lists, or any other data of or pertaining to the Company or the Publications;

F.    Award Plaintiff its costs incurred herein; and

G.    Grant such further relief as this Court deems just and proper.

Respectfully submitted,

M. Carter DeLorme (Bar No. 452791)
Gina Del Negro (Bar No. 468920)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
Tel: (202) 282-5000
Fax: (202) 282-5100

Attorneys for Plaintiff Restore Media, LLC

## CERTIFICATE OF SERVICE

I certify that the foregoing **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** was served this 23rd day of March, 2007, upon the following via certified mail:

Roland A. Labine
199 Berkeley Place
Brooklyn, NY 11217

John M. Corbett, Jr.
235 State Street
Northampton, MA 01060

Meetinghouse Enterprises, Inc.
Registered Agent- John M. Corbett, Jr.
One Ferry Street
Easthampton, MA 01027

_____
Counsel

DC:504258.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RESTORE MEDIA, LLC,                           :
:
            Plaintiff,                        :
:
v.                                            :      Case No. _____
:
ROLAND A. LABINE,                             :
JOHN M. CORBETT,                              :
        and                                   :
MEETINGHOUSE ENTERPRISES, INC.,               :
:
            Defendants.                       :

CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES
OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

        I, the undersigned, counsel of record for Restore Media, LLC, certify that to the best of

my knowledge and belief, there are no parent companies, subsidiaries or affiliates of Restore

Media, LLC, which have any outstanding securities in the hands of the public.

        These representations are made in order that judges of this court may determine the need

for recusal.

                                    Respectfully submitted,


                                    By:_____
                                    M. Carter DeLorme (Bar No. 452791)
                                    Gina M. Del Negro (Bar No. 468920)
                                    WINSTON & STRAWN LLP
                                    1700 K Street, N.W.
                                    Washington, DC  20006
                                    (202) 282-5000
                                    (202) 282-5100 (fax)


                                    Attorneys for Plaintiff Restore Media, LLC

DC:504254.1

## CERTIFICATE OF SERVICE

I certify that the foregoing **CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** was served this 23rd day of March, 2007, upon the following via certified mail:

Roland A. Labine
199 Berkeley Place
Brooklyn, NY 11217

John M. Corbett, Jr.
235 State Street
Northampton, MA 01060

Meetinghouse Enterprises, Inc.
Registered Agent- John M. Corbett, Jr.
One Ferry Street
Easthampton, MA 01027

_____
Counsel

DC:504635.1